FRANKLIN BLACKSTOCK v. THE STATE.

No. 6574.   Decided February 8, 1922.

1.—Assault to Rape—Charge of Court—Definition of Offense.

Where the State's theory of the assault to rape was controverted by defendant and his witnesses, and the latter testified that the familiarity of the defendant consisted in putting his arm around the alleged female, with out protest on·her part, while, defendant denied going to that extent, and the court charged that the laying on of hands with. the specific intent at the time to have carnal knowledge of a woman would be an assault, the same was reversible error.   Following Cromeans v. State, 59 Texas Crim. Rep., 622, and other cases.

2.—Same—Chastity of Prosecutrix—Charge of Court.

There was no evidence raising the issue as to the want of chastity of the prosecutrix, but the charge complained of was erroneous.

Appeal from the District Court of Shackelford.   Tried below before the Honorable W. R. Ely.

Appeal from a conviction of assault with intent to rape; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*A. A. Clark,* and *W. J. Cunningham,* for appellant.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for assault with intent to rape.

It is the state's theory that the assault was committed upon a young lady beween seventeen and eighteen years of age; that she was in an automobile with the appellant, a married man, about twenty-eight years of age and with his companion, Jones, a single man; that while she entered the car voluntarily upon the idea that she was going to the town of Moran, the car was deflected into a lane against her will, and the appellant put his arm around her and kissed her and insisted upon her indulging in sextual intercourse with him; that upon her statement to him that she would meet him on the following night for the purpose, she was taken home.

The state's theory of the assault was controverted by the testimony of the appellant and Jones, the latter testifying that the familiarity of the appellant consisted in putting his arm around the girl without protest on her part, while appellant denied going to that extent.

In his charge to the jury, the court, after defining an assault in the usual terms, added:

". . . and the laying on of the hands with the specific intent at the time to have carnal knowledge of a woman, would be an assault."

In the Cromeans case, 59 Texas Crim. Rep. 622, the court said:

"That if one take hold of a child under fifteen years of age and handle her in such manner as under the circumstances of the particular case demonstrates a present intent to at once so subject her to his power, she consenting or not, as that he may now accomplish the act of intercourse, he would be guilty of the offense, but if, as we view the facts in the case, he has gone no further than placing his hand upon her with the probable, and we think you might say the evident, intent to detain her and make further solicitation, notwithstanding her refusal, yet having in his mind a hope that if she could be induced to remain he might persuade her, we say, going no further than this, the appellant would not be guilty of assault to rape."

In view of these declarations, interpreting the statute upon which the offense is founded, the charge quoted falls short of giving the jury an adequate guide to determine whether the appellant had made the kind of assault which would render him guilty of an assault with intent to rape. The charge does not limit their inquiry to "a present intent to at once subject her to his power, she consenting or not." Under the charge, the jury might have found him guilty though believing that his acts related to a future and not a present intent and that they went to the extent of solicitation only. Such is adverted to in the quotation above, wherein the court says: "We do not understand that it is an assault to rape if one forcibly detain a girl and compel her to hear solicitations to have intercourse at a time in the future." (Cromeans v. State, supra.) See also Armstead v. State, 89 Texas Crim. Rep. 476.

We think there was no evidence raising the issue as to the want of chastity of the prosecutrix, but we regard the charge complained of as erroneous.

For that reason we order the judgment of the trial court reversed and the cause remanded.

*Reversed and remanded.*